IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| WILLIAM DAVID CARROLL, #203 829 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-549-MEF (WO) |
| ANTHONY CLARK, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a former Covington County Jail inmate, challenges the conditions of his confinement during his incarceration at the county facility.[1] Named as defendants are Sheriff Anthony Clark, Nurse Annette Cain, and Dr. Millard McWhorter. Plaintiff seeks injunctive relief and damages for the alleged violations of his constitutional rights.

Pursuant to the orders of this court, Defendants filed a written report and supporting evidentiary materials addressing the claims for relief raised in the complaint. In their reports, Defendants assert that this case is due to be dismissed because Plaintiff failed to exhaust an administrative remedy available to him at the jail as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Specifically, Defendants maintain, and the undisputed evidentiary materials demonstrate, that with respect to the claims presented in the instant

---

[1] Plaintiff is currently incarcerated at the Kilby Correctional Facility located in Mt. Meigs, Alabama.

complaint Plaintiff failed to exhaust the administrative remedies available to him at the Covington County Jail via the jail's inmate grievance procedure. (*Doc. No. 18 at 4-5, Doc. No. 23 at 7-9*.)

In accordance with the order entered on September 15, 2006 (*Doc. No. 24*), the court deems it appropriate to treat Defendants' special reports as motions for summary judgment. Thus, this case is now pending before the court on Defendants' motions for summary judgment. Upon consideration of such motions and the evidentiary materials filed in support thereof, the court concludes that Defendants' motions for summary judgment are due to be granted and this case dismissed without prejudice as Plaintiff failed to exhaust an available administrative remedy.

## I. STANDARD OF REVIEW

To survive Defendants' properly supported motions for summary judgment, Plaintiff must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (nonmoving party is required to produce "sufficient [favorable] evidence" indicating he is entitled to relief sought). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."

*Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations similarly do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff bears the burden of proof, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a

requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Plaintiff has failed to meet the requisite burden so as to preclude entry of summary judgment in favor of Defendants. *Matsushita*, *supra*.

## II. DISCUSSION

Plaintiff challenges the provision of dental treatment afforded him during his confinement at the Covington County Jail. (*Doc. No. 1.*) In their dispositive motions, Defendants assert that this case is due to be dismissed because Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that with respect to the claims presented in the instant action, Plaintiff failed to exhaust the administrative remedies available to him at the Covington County Jail via the jail's inmate grievance procedure. (*See Doc. No. 18 at 4-5 and Exhs. A, B; Doc. No. 23 at 7- and Exh. 2.*)

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under

4

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexande*r v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires **proper exhaustion**." *Id.* at 2387 (emphasis added).

The Supreme Court in *Ngo* determined "[proper exhaustion] means . . . that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." 126 S.Ct. at 2384. The Court further explained "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [prior to seeking relief from a federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies

5

are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386. This interpretation of the PLRA's exhaustion requirement "carries a sanction" for noncompliance and avoids "mak[ing] the PLRA exhaustion scheme wholly ineffective." *Id*. at 2388. Consequently, a prisoner cannot "proceed . . . to federal court" after bypassing available administrative remedies, either by failing to properly exhaust administrative remedies or waiting until such remedies are no longer available, as allowing federal review under these circumstances would impose "no significant sanction" on the prisoner and "the PLRA did not create such a toothless scheme." *Id*. Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999); *see also Mitchell v. Horn*, 318 F.3d 523, 529 (3rd Cir. 2003).

The record in this case establishes that the Covington County Jail provides a grievance procedure for inmate complaints and that, at all times relevant to this litigation, the Covington County Jail maintained an inmate grievance procedure. According to Defendants, this administrative remedy is available to all Covington County Jail inmates, including former inmate Carroll. Defendants contend that a search of Plaintiff's inmate records reflect that he never filed any grievance regarding the matters made the subject of his complaint. (*Doc. No. 18, Exhs. A, B,; Doc. No. 23 at 8*.) In opposition to Defendants' dispositive motion, Plaintiff does not deny that he is required to exhaust administrative remedies or that an inmate grievance procedure is available at the Covington County Jail. (*Doc. No. 29*.) Rather, Plaintiff simply argues that he followed the grievance procedure. (*Id.*)

The court has carefully reviewed the pleadings, documents, and records filed in this matter and finds that Plaintiff has failed to make a colorable showing that he exhausted his administrative remedies. He merely contends that he followed the grievance procedure available at the county jail. However, he provides no facts or evidence which tend to establish that he properly exhausted the administrative remedies available to him at the Covington County Jail with respect to those allegations made the basis of the instant complaint, and the undisputed evidence before the court clearly reflects otherwise. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, at 365 (4th Cir.1985) (holding that unsupported allegations "do not confer talismanic immunity from Rule 56."). Thus, Plaintiff has failed to produce any evidence establishing a genuine issue of fact sufficient to defeat Defendants' motions for summary judgment based on his failure to exhaust administrative remedies.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motions for summary judgment (*Doc. Nos. 18, 23*) be GRANTED to the extent that Defendants seek dismissal of this case for Plaintiff's failure to exhaust available administrative remedies;

2. This case be DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him during his confinement in the Covington County Jail. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378 (2006); and

    3.  No costs be taxed herein.

It is further

ORDERED that on or before May 7, 2008 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE, this 24th day of April, 2008.

    /s/ Susan Russ Walker
    SUSAN RUSS WALKER
    UNITED STATES MAGISTRATE JUDGE